```
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9                     CENTRAL DISTRICT OF CALIFORNIA
10
11  RAMON SINEGAL,                  )   NO. ED CV 13-662-RGK(E)
                                    )
12              Petitioner,         )
                                    )
13       v.                         )   ORDER OF DISMISSAL
                                    )
14  L.S. McEWEN, Warden,            )
                                    )
15              Respondent.         )
                                    )
16  _____  )
17
```

    On April 11, 2013, Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" ("the Petition"). The Petition challenges Petitioner's 1996 state court conviction for first degree murder, two counts of attempted first degree murder, and shooting at an occupied vehicle (Petition at 2; Addendum to Petition). Contrary to the denial stated at paragraph 10 of the Petition, Petitioner previously challenged this same conviction in a habeas petition filed in this Court in 2002. See Sinegal v. Roe, ED CV 02-783-RGK(MLG) ("the prior habeas action"). The Magistrate Judge in the prior habeas action recommended denial and dismissal of the prior petition with prejudice as untimely. On October 17, 2003, the

1  District Judge filed an order accepting and adopting this
2  recommendation.  On October 20, 2003, the Court entered Judgment in
3  the prior habeas action, denying and dismissing the petition with
4  prejudice.

6      The Court must dismiss the present Petition in accordance with
7  28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and
8  Effective Death Penalty Act of 1996").  Section 2244(b) requires that
9  a petitioner seeking to file a "second or successive" habeas petition
10 first obtain authorization from the court of appeals.  See Burton v.
11 Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive
12 authorization from Court of Appeal before filing second or successive
13 petition, "the District Court was without jurisdiction to entertain
14 [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.
15 2000) ("the prior-appellate-review mechanism set forth in § 2244(b)
16 requires the permission of the court of appeals before 'a second or
17 successive habeas application under § 2254' may be commenced").  A
18 petition need not be repetitive to be "second or successive," within
19 the meaning of 28 U.S.C. section 2244(b).  See, e.g., Thompson v.
20 Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965
21 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal.
22 Mar. 6, 2008).  The dismissal of a habeas petition as barred by the
23 statute of limitations "constitutes an adjudication on the merits that
24 renders future petitions under § 2254 challenging the same conviction
25 'second or successive' petitions under § 2244(b)."  McNabb v. Yates,
26 576 F.3d 1028, 1030 (9th Cir. 2009).  Petitioner evidently has not yet
27 obtained authorization from the Ninth Circuit Court of Appeals.
28 Consequently, this Court cannot entertain the present Petition.  See

Burton v. Stewart, 549 U.S. at 157.

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.[1]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 16, 2013.

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

PRESENTED this 15th day of April, 2013, by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1] This Court recently rebuffed a previous attempt by Petitioner to bring a "second or successive" petition challenging his 1996 state court conviction. See Sinegal v. McEwen, ED CV 13-240-RGK(E).

3